FILED
2013 Feb-25  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | | |
|---|---|---|
| ANTHONY LORENZA CAREY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-CV-0921-RRA |
| | ) | |
| CAPTAIN DARREN BRITTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Anthony Lorenza Carey, Sr., an inmate in the Alabama penal system, presently incarcerated at the Childersburg Community Work Center (CCWC), filed this pro se action pursuant to 42 U.S.C. § 1983, and 42 U.S.C. 2000e, *et seq*. (Title VII of the Civil Rights Act of 1991).  The plaintiff alleges that he has been deprived of rights, privileges, or immunities afforded him under the Constitution or laws of the United States of America.  He names Capt. Darren Britton of the Lincoln Police Department as the only defendant.  As compensation for the alleged constitutional violations, the plaintiff seeks compensatory and punitive damages.  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(2), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991).

On May 10, 2012, the court entered an Order for Special Report directing that copies of the amended complaint in this action be forwarded to the defendant and requesting that he file a special report addressing the factual allegations of the plaintiff's complaint.  The defendant was advised that

the special report could be submitted under oath or accompanied by affidavits and, if appropriate, would be considered as a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  By the same Order, the plaintiff was advised that after he received a copy of the special report submitted by the defendant he should file counter affidavits if he wished to rebut the matters presented by defendant in the special report.  The plaintiff was further advised that such affidavits should be filed within twenty days after receiving a copy of the defendant's special report.

On June 11, 2012, the defendant filed a special report accompanied by the affidavit of Capt. Darren Britton (doc. 13), and on July 9, 2012 a supplement to the motion for summary judgment. (Doc. 19).  Thereafter, the plaintiff was notified that he would have twenty days to respond to the motion for summary judgment, filing affidavits or other material if he chose. The plaintiff was advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  The plaintiff has filed three responses to the motion for summary judgment.  (Docs. 14, 18, and 24)

<u>SUMMARY JUDGMENT STANDARD</u>

Because the special report of the defendant is being considered a motion for summary judgment, the Court must determine whether the moving party, the defendant, is entitled to judgment as a matter of law.  Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure 56.*  In making that assessment, the Court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  The burden of proof is upon the moving party to

establish his prima facie entitlement to summary judgment by showing the absence of genuine issues

and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th

Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not

merely rest upon his pleading, but must come forward with evidence supporting each essential

element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff,

who carries the ultimate burden of proving his action, is able to show some evidence with respect

to each element of his claim, all other issues of fact become immaterial, and the moving party is

entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett

v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a
> prima facie case. "In such a situation, there can be 'no genuine issue as to any
> material fact,' since a complete failure of proof concerning an essential element of
> the non-moving party's case necessarily renders all other facts immaterial." [citations
> omitted]. Thus, under such circumstances, the public official is entitled to judgment
> as a matter of law, because the plaintiff has failed to carry the burden of proof. This
> rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## SUMMARY JUDGMENT FACTS

Applying the above standard to the facts before the court, the following facts are undisputed

or, if disputed, are taken in a light most favorable to the plaintiff. The plaintiff is currently serving

a thirty year sentence for murder at the (CCWC) in Alpine, Alabama. (Doc. 7) The CCWC is a

minimum security work center facility of the Alabama Department of Corrections. (Doc. 9) The

inmates at the CCWC are assigned to individual community squads, and the squads are assigned to

3

jobs at various state and local governmental agencies. (ADOC website)  Where they are assigned is determined by the DOC. (Doc. 13, Britton affidavit)  Work center inmates are allowed to work only for government entities, they must wear prison clothing, and they are paid $2 per day.[1] (Doc. 9)  The agencies pay the DOC $15 a day for the inmate's labor. (*Id.*)  Work assignments for work center inmates are made by the DOC.  The City of Lincoln, Alabama is one of the agencies that accepts inmates from the prison system. (Doc. 12, Britton affidavit)

In February of 2011, the plaintiff was assigned to work at the City Hall in Lincoln.  Another CCWC inmate was assigned to work at the police department.  Capt. Darren Britton is employed by the Lincoln Police Department, which is located across the street from City Hall.  Capt. Britton was not the plaintiff's supervisor, but he ordered the plaintiff to perform various jobs. (Doc. 7)

On May 17, 2011, Capt. Darren Britton, at the request of the supervisor of the city's street department, wrote the CCWC that the plaintiff's performance was poor at best and that he should be replaced. (Doc. 12, Britton affidavit)

In addition to losing his job, the plaintiff was given a disciplinary for being fired from his prison job.  The plaintiff filed a lawsuit against the DOC in state court.  On February 24, 2012, the Circuit Court of Montgomery County found there was insufficient evidence to support the conclusion of the hearing officer and ordered the disciplinary expunged or the plaintiff provided a new hearing.

<u>DISCUSSION</u>

---

[1]     In his initial complaint the plaintiff stated under oath, "Carey is ask [sic] monetary relief, because of the action of Derren [sic] Britton having Carey fired base [sic] on hearsay Carey lose [sic] 9 month's of wage at $16 per hour." (Doc. 1)

The plaintiff is bringing this action against Capt. Darren Britton pursuant to both 42 U.S.C. § 1983 and 42 U.S.C. 2000e, *et seq*. (Title VII), claiming that he has been the subject of racial discrimination. The plaintiff alleges that the treatment he received and the false allegations in Capt. Britton's letter came about solely because of his race. (Doc. 7)

### *Title VII*

Title VII bars unlawful discrimination in employment based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.  Title VII also requires the plaintiff to file a claim with the Equal Employment Opportunity Commission (EEOC) prior to filing a suit in federal court. Title VII, 42 U.S.C. § 2000e-5.   The claim must be filed with the EEOC within 180 days of the alleged discrimination.  The EEOC then notifies the employer of the charges and investigates the claim. Title VII, 42 U.S.C. § 2000e-5b.   If the Commission determines there is no reason to believe the charge is true, the charge is dismissed and the parties are notified. (*Id.*)  If the Commission determines that there is reasonable cause to believe that the charge is true, the Commission will endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. (*Id.*)  If the EEOC is unable to resolve the issue within the time frame set out in the statute, the person who suffered the discriminatory action is notified.  The employee then has 90 days from the time he or she is sent what is known as a "right-to-sue letter" to file a lawsuit in federal court.

The defendant argues that he is entitled to summary judgment because the plaintiff did not file a claim with the EEOC and obtain a right-to-sue letter before filing his lawsuit.  The plaintiff responded by claiming that he should be allowed to proceed with this lawsuit even without the right-to-sue letter.  The plaintiff asks the court to stay these proceeding to allow him to get a right-to-sue

letter, claiming the Fifth Circuit has said that "the subsequent receipt of the right to sue letter cures the defect with respect to the original filing. . . ." *Pinkard v. Pullman-Standard*, 678 F2d 1211, 1218 (5th Cir. 1982). However, in the *Pullman-Standard* case, the plaintiffs had already filed their charges with the EEOC, but filed their lawsuit in federal court prior to receiving their right-to-sue letters. The plaintiffs received their right-to-sue letters prior to the pretrial hearing in the case and were allowed to proceed. In the plaintiff's case he admittedly has not even filed a charge with the EEOC, but asks the court to stay his lawsuit while he obtains a right-to-sue letter. In the *Pullman-Standard* case, the majority writes that Title VII requires a plaintiff to file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right-to-sue the respondent named in the charge before instituting a Title VII action in federal district court. 42 U.S.C. § 2000e-5(f)(1)[2]; *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1215 (5th Cir. 1982). The judges noted that premature suits are subject to a motion to dismiss at any time before notice of the right-to-sue letter is received. Such a dismissal would be without prejudice, and the plaintiff could bring a new action upon receipt of a right-to-sue letter. *Id*. at 1218.

As the plaintiff has not filed a claim with the EEOC, his claim that his rights under Title VII

---

[2]      42 U.S.C.A. § 2000e-5
              § 2000e-5. Enforcement provisions
              (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

have been violated is due to be dismissed without prejudice.

### ***Equal Protection***

The plaintiff also brings this action pursuant to 42 U.S.C. § 1983, claiming that his rights under the Constitution have been violated.  Under the Equal Protection Clause, prisoners have a right to be free from racial discrimination. *See Turner v. Safley*, 482 U.S. 78, 83-85 (1987).  The plaintiff complains that Capt. Britton treated him differently than a white inmate and as a result he was terminated from his prison job.  The plaintiff must explain how he was treated differently from the white inmate. (Doc. 7, p 2)

After the plaintiff had been working for the city of Lincoln for about three months, Capt. Britton wrote a letter to the DOC stating that the plaintiff's work performance was poor and asking that another inmate be assigned to work for the Lincoln City Hall.  To plead an equal protection claim, a plaintiff must allege that "through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb Cnty., Ga., Sheriff's Dep't*, 223 F.3d 1231, 1237 (11th Cir.2000), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The plaintiff compares himself to a white inmate who was assigned to the police department and who continued in his job after the plaintiff was terminated.  The plaintiff does not state how they were similarly situated except to say they were both inmates assigned to work in various departments for the City of Lincoln.  The plaintiff does not describe their jobs.

The Equal Protection Clause ensures a right to be free from intentional discrimination based upon race. *Williams v. Consol. City of Jacksonville*, 341 F.3d 1261, 1268 (11th Cir.2003) *(citing Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1116 (11th Cir.2001); *Brown v. City of Fort*

*Lauderdale*, 923 F.2d 1474, 1478 (11th Cir.1991)). Specifically, the Equal Protection Clause

provides, in relevant part, that

> [n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

In order for the plaintiff to prevail on his discrimination claim, he must show that the

defendant intentionally discriminated against him on the basis of his race using direct evidence,

statistical evidence that shows a pattern or practice of discrimination, or circumstantial evidence

based on the four-pronged test outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).

Direct evidence is that which, "if believed, proves existence of a fact in issue without inference or

presumption." *Rojas v. Florida*, 285 F.3d 1339, 1342 n. 2 (11th Cir.2002) *(quoting Schoenfeld v.

Babbit*, 168 F.3d 1257, 1266 (11th Cir.1999)) The plaintiff has not presented any direct evidence of

discrimination based on race.

The plaintiff also has not presented any statistical evidence to support his claim of racial

discrimination.  The plaintiff merely asserts that when he was assigned to work at City Hall the

Lincoln Police Department did not have any African American employees.  The plaintiff does not

add any information about how many African Americans have worked there in the past, have

requested assignments to the Lincoln Police Department and were denied an opportunity to work

there, or any other information about the employment of African Americans by Lincoln.

The plaintiff is left with proving his claim of racial discrimination with circumstantial

evidence. In order to prove a *prima facie* case of improper termination based on circumstantial

8

evidence, a plaintiff must generally show that: (1) he was a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than a similarly situated individual outside his protected class. *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir.2003).   The plaintiff states that he is African-American.

The plaintiff has not provided any facts about his job.  He does not describe the job he was performing, how he was chosen for the job, what skills he was required to have, what work he performed, who supervised his work, or who, besides Capt. Britton assigned him specific tasks. Congress did not intend by Title VII . . . to guarantee a job to every person regardless of qualifications. [T]he Act does not command that any person be hired simply because he was formerly the subject of discrimination, or because he is a member of a minority group.  *Griggs v. Duke Power Co.*, 401 U.S. 424, 430 (1971). Whatever the job was, the defendant does not contest the plaintiff's qualifications to perform it, only that his performance of the job was not adequate.

In order to suffer an adverse employment action, there must be an employer/employee relationship.   The defendant states that he had no authority to hire, terminate or transfer any inmate of the Department of Corrections and adds that where inmates are assigned is strictly a matter for the DOC.  (Doc. 13, Britton affidavit) The plaintiff complains that the letter the defendant wrote was effectively a termination letter and therefore he was an employee of the defendant.  For purposes of summary judgment, the court will assume the plaintiff had an employer/employee relationship with the defendant.  Assuming he was an employee and that the letter to the DOC resulted in the loss of his job, then the plaintiff has shown that he suffered an adverse employment action.

The fourth requirement is that the plaintiff be replaced by or treated less favorably than a

similarly situated person outside his protected class.  Courts have also held that a plaintiff establishes a prima facie case by showing that he was suspended or fired while others not in his protected class, "having comparable or lesser qualifications," were retained. *Whiting v. Jackson State University* 616 F.2d 116, 121 (5th Cir. 1980).  The plaintiff provides no details about his qualifications for the job or those of the prisoner who was retained.

Once a plaintiff establishes a *prima facie* case of discrimination, the defendant must rebut the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for his actions. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir.1999) (*citing Meinecke v. H & R Block*, 66 F.3d 77, 83 (5th Cir.1995)). If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

By affidavit, Capt. Britton stated that he wrote a letter at the direction of the supervisor of the city's street department requesting that a different inmate be sent to the city. (Doc. 12, p. 3)  He also stated "I do recall that plaintiff's work was less than adequate." (*Id.*, p.4) The plaintiff submitted the letter referenced by Capt. Britton in which he wrote, in reference to the plaintiff, "since he has been here his work performance has been poor at best. I recently caught him with a personal cell phone. I feel it would be best if Inmate Carry [sic] is removed from this assignment and replaced with someone else." (Doc. 18, attached letter)  The defendant has articulated a legitimate non-discriminatory reason for writing a letter asking for someone else to be assigned to the Lincoln City Hall.

At this juncture, the burden shifts back to the plaintiff to adduce evidence that the proffered reason for his termination was merely a pretext for race discrimination.  The plaintiff responded by

stating, "[t]o the extent that the Defendant's Report is said to articulate some legitimate, nondiscriminatory reason, then Carey argues that the preferred [sic] reason is merely a pretext for racial discrimination." (Doc. 18)  In his response to the motion for summary judgment (doc.24), the plaintiff argues that, "there was not substantial evidence to support Captain Britton's assertions that Carey's job performance was poor and that he had been caught with a cell phone." (*Id*., p.4)  The plaintiff does not attempt to explain to the Court why the fact that Britton sent a letter to CCWC asking that another inmate be sent to replace the plaintiff because the plaintiff's work performance had been poor, was racially motivated. The plaintiff merely states, "the termination of employment is but a fact supporting Carey's Racial Discrimination claim."(Doc. 14)  In order to survive a motion for summary judgment on his Title VII claim, the plaintiff  "must come forward with at least some credible evidence that the action of [defendant] was motivated by racial animus." *Grillo v. New York City Transit Authority*, 291 F.3d 231, 234 (2d Cir.2002).  The plaintiff has failed to rebut the defendant's non-discriminatory reason for his termination with any evidence of racial bias.  The plaintiff alleges that the defendant treated him differently from the white inmate (doc.7), but he does not provide any details of how he was treated differently.   The only thing the plaintiff reports is that the defendant constantly ordered him to do the work that was the responsibility of the other inmate. Again, the plaintiff does not explain what jobs they each held and how work was assigned.  In the context of a motion for summary judgment, the moving party bears the initial burden of proving that there is no genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this burden is met, the nonmoving party may not rest on his pleadings, but must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial" in order

to avoid summary judgment. *Id*. at 324, (quotations omitted). Conclusory allegations of discrimination are insufficient to raise an inference of pretext or intentional discrimination where an employer has offered evidence of legitimate, non-discriminatory reasons for its actions. *Mayfield*, 101 F.3d 1371,1376 (11th Cir. 1996). The plaintiff's statement that "the proferred [sic] reason is merely a pretext for racial discrimination" is conclusory and insufficient. [U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir, 2005) *(citing, Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)). The plaintiff has presented no evidence of discrimination on the part of the defendant. *Holifield v. Reno*, 115 F.3d 1555,1564 n.6 (11th Cir. 1997)(plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v.Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322. The mere allegation that he was treated differently from a white inmate and was ordered to perform work that was the responsibility of that inmate does not show any deliberate action against the plaintiff by defendants based upon an unjustifiable standard.

The plaintiff's statement that Capt. Britton made false statements about him when he said the plaintiff did a poor job and should be replaced does not establish that he was terminated because of his race. A plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by racial bias. "[A] plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where ... the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997). The role of the court "is to prevent unlawful hiring practices, not to act as a super personnel department that second-guesses employers' business judgments." *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1254 (11th Cir. 2000) *citing Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services*, 165 F. 3d 1321 (10th Cir. 1999).

Inasmuch as the plaintiff has failed to dispute with specific facts the statements in the defendant's affidavit, the defendant is entitled to summary judgment on the plaintiff's claim that Capt. Britton violated his right to equal protection when he wrote a letter to the DOC saying the plaintiff's work performance was poor and the plaintiff lost his job. Finally, Captain Britton was acting upon information he received, which information he had no reason to doubt.

### *Capacities*

The plaintiff brings this lawsuit against the defendant in both his official and individual capacities. An official capacity suit against a police officer is actually a suit against the city for whom he works. When a plaintiff sues a municipal officer in the officer's individual capacity for alleged civil rights violations, the plaintiff seeks money damages directly from the individual officer. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "[A] municipality cannot be held liable solely

13

because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §
1983 on a respondeat superior theory." *Monell v. Dept. of Social Services of City of New York*, 436
U.S. 658, 691 (1978).

The court has determined that the plaintiff failed to establish that the conduct of Officer
Britton resulted in a violation his constitutional rights.  Because the plaintiff has not established that
Officer Britton violated his constitutional rights, Officer Britton is entitled to summary judgment in
his individual capacity.

### *Conspiracy*

The plaintiff alleges that Capt. Britton conspired with a white inmate to have him fired.  The
plaintiff provides no details about the conspiracy he is alleging.  Allegations of conspiracy must be
specific and based upon facts rather than conclusions. *Fullman v. Graddick,* 739 F.2d 553 (11th Cir.
1984). "In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is
alleged.  It is not enough to simply aver in the complaint that a conspiracy existed . . . . " The
plaintiff who is attempting to prove a § 1983 conspiracy must show that the parties "reached an
understanding" to deny the plaintiff his or her rights. *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152
(1970).  The plaintiff must show some evidence of an agreement between the defendants. *Bailey v.
Bd. of County Comm'rs of Alachua County*, 956 F.2d 1112, 1122 (11th Cir. 1992).

The plaintiff's allegation that the white inmate, whose job he states Capt. Britton had him
doing, conspired with Britton to have the plaintiff fired is puzzling.  The plaintiff does not explain
why someone who was having his work done by another person would want to get the person doing
the work fired. A complaint may justifiably be dismissed because of the conclusory, vague and

14

general nature of the allegations of conspiracy." *Fullman* at 557.  The plaintiff has alleged no facts in support of his conspiracy claim. *See Phillips v. Mashburn*, 746 F.2d 782 (11th Cir. 1984). Accordingly, this conspiracy claim is due to be dismissed.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that the defendant's special report be treated as a motion for summary judgment and, as such, granted, and this action dismissed.

Any party may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk. Written objections shall specifically identify those portions of the proposed findings and recommendations to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report within fifteen (15) days shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  A copy of the objections must be served upon all other parties to the action.  It is not necessary for plaintiff to repeat his legal arguments.  As to the facts, if plaintiff does respond, he should limit himself to addressing the statements of fact contained in the report and recommendation to which he objects;

15

the objections is not the place to make new allegations or present additional evidence.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon the plaintiff and upon counsel for the defendants.

DONE this the 25th day of February, 2013.


Robert R. Armstrong, Jr.
United States Magistrate Judge